|     |     |
| --- | --- |
|     |     |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROY A. DAY, | CASE NO. C13-478-RSM |
| Plaintiff, | ORDER GRANTING MOTION TO COMPEL ARBITRATION |
| v. | |
| MICROSOFT CORPORATION, et al., | |
| Defendants. | |

This matter comes before the Court on Defendants' Motion to Compel Arbitration and Stay Claims (Dkt. # 18). For the reasons that follow, the motion shall be granted.

**I. BACKGROUND**

*Pro se* Plaintiff Roy Day brought this contract and tort dispute against Microsoft Corp. ("Microsoft"), Mr. Steven Ballmer, and Mr. William Gates, III. Mr. Day alleges that after he purchased Microsoft's Windows 8 Pro, he experienced installation problems, and was denied a full refund for over ninety days. In addition, he alleges that he experienced spam issues with his Hotmail.com account. He alleges that he "has suffered great mental pain and suffering with fright, chagrin, embarrassment, anger, nausea, nightmares, difficulty sleeping and his social life

destroyed in the SUM of Twenty Million Dollars ($20,000,000.00), and will continue to suffer." Dkt # 3, ¶ 19. He further alleges that Defendants engaged in a "PREMEDITATED AND PREARRANGED[,] CUNNING, DECEPTIVE AND MISLEADING, policy to conceal and cover-up the scams being orchestrated on Windows 8 Pro money refunds . . . ." *Id.* at ¶ 21(g) (internal quotations omitted).

## II. DISCUSSION

Defendants bring this motion seeking to compel arbitration in this matter. They contend that Mr. Day expressly agreed to arbitrate his claims when he accepted the End-User License Agreement for Windows 8 Pro and the Services Agreement for Hotmail.

The Windows 8 Pro End-User License Agreement ("EULA") states: "**By accepting this agreement or using the software, you agree to all of these terms**." Dkt. # 20, Copeland Decl. ¶¶ 2-3, Ex. C & Ex. D (also citing additional ways for consumers to access the EULA). To begin the installation process, the customer must check an "I accept the license terms" box and click an "Accept" button, both of which appear just below this bolded statement, on a page entitled "License terms." *Id.*, Ex. C. The entire Windows 8 EULA appears on this "License terms" page. *Id.* at ¶ 2.

The Microsoft Services Agreement ("MSA"), which governs Hotmail accounts, states: "By *using or accessing* these services, or by agreeing to these terms where the option is made available to you in the user interface, you agree to abide by this agreement without modification by you." Dkt. # 19, Liffick Decl. ¶ 2, Ex. B ¶ 1.3 (emphasis added). To set up a Hotmail account, customers must click on an "I accept" button, which appears directly below the statement: "Click **I accept** to agree to the Microsoft services agreement." *Id.* at ¶ 2, Ex. A. The "I accept" statement contains a hyperlink to the Hotmail MSA. *Id.* Hotmail customers can also find the Hotmail MSA by clicking on the "Terms" hyperlink on the Hotmail (now Outlook.com) website. *Id.*

The Windows 8 Pro EULA and Hotmail agreements both contain binding arbitration clauses that state "all disputes will be resolved before a neutral arbitrator," and "[a]ny arbitration will be conducted by the American Arbitration Association (the 'AAA') under its Commercial Arbitration Rules." Dkt. # 19-2, Liffick Decl., Ex. B ¶¶ 10.3 & 10.5; *see also* Dkt. # 20-2, Copeland Decl., Ex. D ¶¶ 2d & 2f.

Defendants contend that the Court should compel arbitration because (1) the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ("FAA") requires arbitration when there is both a valid agreement to arbitrate and the dispute falls within that agreement; (2) Defendants Ballmer and Gates may invoke the arbitration clauses under agency and equitable estoppel principles; and (3) the two contracts create enforceable agreements to arbitrate under the FAA. Dkt. # 18, p. 7. Plaintiff filed a response to the motion and contends that Defendants have lost the right to arbitrate because they ignored his requests to arbitrate "on ***four separate occasions***." Dkt. # 21, p. 4 (emphasis original).

**A. The FAA**

Section 2 of the FAA provides that contractual arbitration clauses "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "Under the FAA, a party may challenge the validity or applicability of the arbitration provision by raising the same defenses 'available to a party seeking to avoid the enforcement of any contract.'" *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1121 (9th Cir. 2008) (quoting *Brown v. Dillard's, Inc.*, 430 F.3d 1004, 1010 (9th Cir. 2005)).

Plaintiff does not challenge the existence of a valid agreement to arbitrate, nor does he contest that he agreed to be bound by the terms of the arbitration agreement.[1] Dkt. # 21, p. 3 (admitting that "I entered into a legal agreement with [Microsoft] in reference to Windows 8 Pro and the Hotmail.com account"). Moreover, Plaintiff states that he "attempted to consummate the '*arbitration*' agreement" when he submitted Notice of Dispute forms. *Id.* at 3-4. Plaintiff contends that Defendants have waived the right to compel arbitration by failing to respond to his requests to arbitrate his claims prior to the date that he instituted this lawsuit. *See id.* at 5. ("LONG LIVE THE KING! Arbitration is dead!") (emphasis original).

**B. Enforceability**

Plaintiff's Complaint states that Mr. Day is a resident of Florida. Dkt. # 3, ¶ 1. The contracts at issue select the law of the consumer's state of residence as the governing law. Dkt. # 20, Copeland Decl. ¶ 2, Ex. D ¶ 3; Dkt. # 19, Liffick Decl. ¶ 2, Ex. B ¶ 13.1. Therefore, Florida law governs whether the parties agreed to arbitrate Plaintiff's claims. *See First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995).

Clickwrap agreements are enforceable under Florida law where the consumer has an opportunity to review the terms of the agreement and has an opportunity to assent to those terms. *Hancock v. Am. Tel. & Tel. Co.*, 701 F.3d 1248, 1256-58 (10th Cir. 2012). Here, in attempting to install Windows 8 Pro, Plaintiff had to accept the terms of the Windows 8 Pro agreement by checking an "I accept the license terms" box and then by clicking on an "Accept" button before accessing the product. Dkt. # 20, Copeland Decl. ¶ 2, Ex. C. Similarly, Plaintiff assented to the terms of the Hotmail agreement by creating the account and clicking "accept" to the terms of use, and then by using the account. Dkt. # 19, Liffick Decl. ¶ 2, Ex. A & Ex. B.

---

[1] Nor does Plaintiff challenge the validity or conscionability of the arbitration agreements, or that his claims fall within the arbitration agreements. *See* Dkt. 21 & 22.

The Windows 8 and Hotmail contracts contain binding arbitration agreements. Under the contracts, claims subject to binding arbitration encompass "any dispute, action, or other controversy between you and Microsoft concerning the software (including its price) or this agreement, whether in contract, warranty, tort, statute, regulation, ordinance, or any other legal or equitable basis," with the exception of intellectual property disputes. Dkt. # 20-2, Copeland Decl., Ex. D ¶ 2a; *see* Dkt. # 19-2, Liffick Decl., Ex. B ¶ 10. The clauses expressly include all contract and tort claims arising out of the agreements. Here, Plaintiff's claims arise from the delayed Windows 8 refund and the alleged spam issues he experienced with his Hotmail account, which are "claims rooted in the relationship [between the parties] created by the contract containing the arbitration clause." *Johannsen v. Morgan Stanley Credit Corp.*, Case No. C 11-1516-MCE-KJN, 2012 WL 90408, at * 4 (E.D. Cal. Jan. 11, 2012).

## C. Defendants Ballmer and Gates

Defendants contend that Plaintiff must arbitrate his claims against Messrs. Ballmer and Gates under agency and equitable estoppel principles. With respect to agency, non-signatory "agents must be afforded the benefits of arbitration agreements made by their principal, at least to the extent that the principal's liability and the agent's liability are based on the same set of facts" if the claims arise from conduct performed by the agent on behalf of the principal. *Qubty v. Nagda*, 817 So.2d 952, 957-58, n.4 (Fla. Dist. Ct. App. 2002). The benefit is extended to corporate officers and directors when the claims arise "solely in connection with their activities as officers and directors . . . [and] from the same set of operative facts . . . ." *Tenet Healthcare Corp. v. Maharaj*, 787 So.2d 241, 243 (Fla. Dist. Ct. App. 2001).

Here, Plaintiff alleges that Mr. Ballmer (CEO) and Mr. Gates (Chairman), along with Microsoft, had a duty to refund the purchase price of Windows 8 Pro and that they had a duty to train employees to give back timely refunds. Dkt. # 3, ¶¶ 13-15. In addition he alleges that all

Defendants acted in concert to cause spam e-mails to be sent from his Hotmail account, that Defendants failed to respond to his Notice of Dispute forms, and that e-mails and/or letters sent to Messrs. Ballmer and Gates complaining about the refund and spam issues created "subcontracts." *Id.* at ¶¶ 6, 8, 24, 9, 2, respectively. Plaintiff's Complaint alleges that Messrs. Ballmer and Gates were acting as Microsoft's agents in their official capacity as CEO and Chairman when they failed to address his claims. Thus, "there is a sufficient nexus between the dispute and the agreement[s]" such that the arbitration clauses should be broadly construed to encompass the claims asserted against Messrs. Ballmer and Gates. *Tenet Healthcare Corp.*, 787 So.2d at 243.

**D. Waiver**

Plaintiff's primary argument against arbitration is that Defendants have waived their right to compel arbitration. In *Fisher v. A.G. Becker Paribas Incorporation,* 791 F.2d 691 (9th Cir. 1986), the Ninth Circuit Court of Appeals set out the three part test to determine whether a party has waived the right to arbitration.

> A party seeking to prove waiver of a right to arbitration must demonstrate:
> (1) knowledge of an existing right to compel arbitration; (2) acts
> inconsistent with that existing right; and (3) prejudice to the party
> opposing arbitration resulting from such inconsistent acts.

*Id.* at 694. However, "[b]ecause waiver of the right to arbitration is disfavored, 'any party arguing waiver of arbitration bears a heavy burden of proof.'" *Id.* (quoting *Belke v. Merrill Lynch, Pierce, Fenner & Smith*, 693 F.2d 1023, 1025 (11th Cir. 1982). Further, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24-25 (1983).

Plaintiff contends that he sent Notice of Dispute forms to Microsoft and e-mails and/or letters to Messrs. Ballmer and Gates concerning his Windows 8 and Hotmail claims. He appears to believe that because he received no responses, Defendants waived their right to compel arbitration. Although Defendants agree that they knew they had a right to compel arbitration in satisfaction of part one of the waiver test, Plaintiff's waiver argument fails to satisfy parts two and three. First, Defendants have not acted inconsistent with the right to compel arbitration. The terms of the Windows 8 and Hotmail contracts demonstrate that the act of sending a Notice of Dispute form is not a proper demand for arbitration upon which Microsoft was obligated to act. For example, the Windows 8 EULA states in relevant part:

> <u>Notice of Dispute</u>. In the event of a dispute, you or Microsoft must give the other a Notice of Dispute, which is a written statement of the name, address and contact information of the party giving it, the facts giving rise to the dispute, and the relief requested. . . . You and Microsoft will attempt to resolve any dispute through informal negotiation within 60 days from the date the Notice of Dispute is sent. *After 60 days, you or Microsoft may commence arbitration.*

Dkt. # 20-2, p. 5, Copeland Decl., Ex. D (emphasis added). The Windows 8 EULA makes clear that sending a Notice of Dispute form only triggers a sixty-day period during which Microsoft and the licensee will attempt to negotiate a resolution. If no resolution has been made in sixty days, the licensee or Microsoft may then initiate arbitration. The Windows 8 EULA also makes clear that the licensee is "giving up the right to litigate . . . all disputes in court before a judge or jury. Instead, all disputes will be resolved before a neutral arbitrator, whose decision will be final except for a limited right of appeal under the Federal Arbitration Act." *Id.* Thus, Defendants have not acted inconsistent with the right to compel arbitration.

Second, Plaintiff has failed to demonstrate any prejudice that has resulted from Defendants' actions. Consistent with the arbitration agreements, Plaintiff could have initiated an

arbitration action against Defendants once the sixty-day window expired. Plaintiff chose not to, and filed this district court action instead. Plaintiff has not met his burden to demonstrate evidence of waiver. Accordingly, Defendants' motion to compel arbitration shall be granted. The matter is hereby STAYED.

### III. CONCLUSION

Having considered the motion, the repsonse and reply thereto, the attached exhibits and declarations, and the balance of the file, the Court hereby finds and ORDERS:

(1) Defendants' Motion to Compel Arbitration and Stay Action (Dkt. # 18) shall be GRANTED;

(2) The Clerk is directed to term all pending motions in this matter, and to send a copy of this Order to Plaintiff.

Dated January 21, 2014.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE