UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROY A. DAY,<br><br>            Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION, *et al.*,<br><br>            Defendants. | Case No. C13-0478 RSM<br><br>ORDER OF DISMISSAL |

## I.    INTRODUCTION

On January 22, 2014, the Court granted Defendant's motion to compel arbitration and to stay this case. Dkt. #28. Plaintiff appealed that Order, and on March 12, 2014, and May 29, 2014, the Ninth Circuit Court of Appeals issued its Order and Mandate, respectively, dismissing the appeal for lack of jurisdiction. Dkts. #36 and #39. No further action has occurred in this matter since August 21, 2014. As a result, on February 12, 2016, this Court directed the parties to file a Joint Status Report ("JSR") informing the Court of the status of this case. On March 1, 2016, the parties filed their JSR, informing the Court that Plaintiff has not commenced arbitration or otherwise prosecuted his claims as of this date. Dkt. #43. The Court then directed the parties to show cause why the stay in this matter should not be lifted and why

ORDER OF DISMISSAL
PAGE - 1

this case should not be dismissed for failure to prosecute. Dkt. #44. Both parties have responded. Dkts. #45 and #46. Plaintiff seeks an Order delaying arbitration to "a time in the future when Plaintiff is in a pain-free state" and another of his actions has been resolved. Dkt. #45 at 3. Defendants ask the Court to lift the stay and dismiss this action with prejudice. Dkt. #46. For the reasons discussed herein, the case will be DISMISSED with prejudice.

## II.  DISCUSSION

As an initial matter, the Court once again notes that Plaintiff has failed to meaningfully participate in this action since April of 2014, when he filed two motions to disqualify the undersigned Judge. *See* Dkts. #37 and #38. The Court denied those motions in August of 2014 as duplicative and moot. Since that time, there was no action in this matter until the Court requested a status update.

Plaintiff now asserts that his failure to act is due to a car accident in which he was involved on June 23, 2012, nearly a year before he filed the instant action. Dkt. #45 at ¶ 2. Plaintiff maintains that he is in "severe pain and is not able to schedule an arbitration hearing at the present time." Dkt. #45 at ¶ 3. The Court finds this assertion disingenuous. First, although the alleged accident occurred in June of 2012, Plaintiff was able to file the instant action, make timely filings in the case, and pursue an appeal. Moreover, in September 2013, over a year after his alleged accident, he filed a Motion for a Declaratory Judgment in this action stating that he was "ready for trial by jury" and requested "that a trial by jury be set for the earliest possible time based on the court's schedule." Dkt. 22 at ¶ 3. This does not suggest pain to the level of being unable to prosecute his case.

Further, Plaintiff's own response to the Order to Show Cause undermines his assertions of pain to the point of an inability to pursue his claims. Indeed, Plaintiff admits that he has

ORDER OF DISMISSAL
PAGE - 2

been able to pursue a different lawsuit based on the alleged accident, and has even asked the Court to transfer that lawsuit here in order to speed up the resolution of that matter. Dkt. #45. Further, it appears from the record that, in addition to pursuing his car accident case, he has filed at least 13 actions across the country (many in this Court) since March 12, 2014, the date the Ninth Circuit dismissed his appeal. *See Day v. Loucks*, No. 1:15-cv-00541 (D. Del. June 25, 2015); *Day v. Google, Inc.*, No. 5:15-cv-01224 (N.D. Cal. Mar. 16, 2015); *Day v. Spectrum Brands Holdings, Inc.*, No. 3:15-cv-00140 (W.D. Wis. Mar. 4, 2015); *Day v. 21st Century Centennial Ins. Co.*, No. 8:14-cv-02048 (M.D. Fla. Aug. 21, 2014); *Day v. AT&T Mobility, LLC*, 1:14-cv-02684 (N.D. Ga. Aug. 18, 2014); *Day v. United Parcel Service, Inc.*, No. 1:14-cv-02433 (N.D. Ga. July 28, 2014); *Day v. State of Florida*, No. 2:14-cv-00582 (W.D. Wash. Apr. 16, 2014); *Day v. State of Florida*, No. 2:14-cv-00579 (W.D. Wash. Apr. 14, 2014); *Day v. Diskey*, No. 2:14-cv-00378 (W.D. Wash. Mar. 13, 2014); *Day v. White*, No. 2:14-cv-00379 (W.D. Wash. Mar. 13, 2014); *Day v. Wal-Mart Stores*, No. 2:14-cv-00380 (W.D. Wash. Mar. 13, 2014); *Day v. Roberts*, No. 2:14-cv-00381 (W.D. Wash. Mar. 13, 2014); *Day v. Pasco Cty. Sheriff's Dep't*, 2:14-cv-00377 (W.D. Wash. Mar. 13, 2014). Plaintiff certainly appears to have been capable of writing, filing and otherwise pursuing his various claims over the last two years.

With this context, the Court turns to Defendant's request to lift the stay and dismiss this case. Under Rule 41(b), the district court may dismiss an action for failure to prosecute or to comply with any order of the Court. Fed. R. Civ. Pro. 41(b); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). "[T]he district court must weigh the following factors in determining whether a Rule 41(b) dismissal is warranted: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). The *Henderson* factors "are 'not a series of conditions precedent before the judge can do anything,' but a 'way for a district judge to think about what to do.'" *In re Phenylpropanolamine (PPA) Prods. Liab. Litig. (In re PPA)*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998)). Dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). In this case, the Court finds dismissal appropriate.

The first two factors strongly support dismissal under the circumstances of this case. The Ninth Circuit has consistently held that "the public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Here, Plaintiff has defied a Court order to proceed with arbitration and has unnecessarily slowed litigation by failing to act at all in furtherance of his claims. Likewise, the Court's need to manage its docket also weighs in favor of dismissal. The delay caused by Plaintiff's failure to participate in the judicial process has already consumed time and resources that the Court could have devoted to other cases. The Court's resources are best allocated to matters with active parties who are willing to comply with the Court's Orders. Further, Plaintiff's noncompliance has wasted the time and resources of Defendant and has precluded Defendant from pursuing any efficient resolution of this matter.

With respect to the third factor, the Court recognizes that the mere pendency of a lawsuit cannot constitute sufficient prejudice to require dismissal. *Yourish*, 191 F.3d at 991. However, "prejudice . . . may . . . consist of costs or burdens of litigation." *In re PPA*, 460 F.3d at 1228. Moreover, "a presumption of prejudice arises from a plaintiff's unexplained failure to prosecute." *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002). A plaintiff has the burden of demonstrating a non-frivolous reason for failing to meet a court deadline. *Id.; see also Yourish*, 191 F.3d at 991. Here, as discussed above, Plaintiff provides no credible reason for his failure to take action in the instant matter. Thus, the Court finds that Plaintiff's inaction has unfairly caused prejudice to Defendant, and this factor weighs in favor of dismissal.

The fourth factor typically weighs against dismissal. *See, e.g.*, *Hernandez*, 138 F.3d at 399. "At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . . . cannot move forward toward resolution on the merits." *In re PPA*, 460 F.3d at 1228. The Ninth Circuit has "recognized that this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id.* (quoting *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996)). In this case, this factor is neutral at best.

Finally, in an effort to avoid dismissal, this Court has attempted less drastic alternatives. Indeed, the Court has allowed Plaintiff nearly two years to engage in the arbitration of his claims. The Court also issued an Order to Show Cause why the case should not be dismissed, to which Plaintiff provided a disingenuous response, and made clear that he does not intend to move forward with arbitration any time in the near future. As a result, the Court finds that additional, less drastic alternative remedies would be futile. "Though there are a wide variety of sanctions short of dismissal available, the district court need not exhaust them all before

ORDER OF DISMISSAL
PAGE - 5

finally dismissing a case." *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Accordingly, the Court finds the fifth factor also weighs in favor of dismissal.

Based on the analysis above, the Court finds that at least four of the five *Henderson* factors weigh in favor of dismissal. Further, Plaintiff has failed to comply with a Court Order by refusing to schedule arbitration. Under these circumstances, the Court finds dismissal with prejudice to be appropriate. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (holding that the district court properly dismissed with prejudice where the plaintiffs "unnecessarily delayed the adjudication of the federal claims for almost two years" and had "no intention of going forward with the arbitration in good faith"); *Alexander v. Pac. Mar. Ass'n*, 434 F.2d 281, 283-84 (9th Cir. 1970) (holding that the district court did not abuse its discretion by dismissing for failure to prosecute where appellants took no action on arbitration award for nine months); *Sheikh v. Cisco Sys., Inc.*, 472 Fed. Appx. 787, 788, 2012 U.S. App. LEXIS 8491 (9th Cir. Apr. 26, 2012) (affirming dismissal for failure to prosecute after plaintiff failed to act on district court's order granting a motion to compel arbitration and failed to reasonably explain his inaction).

Finally, the Court denies Plaintiff's request to transfer his auto accident case (which is apparently pending in Delaware) to this District. Plaintiff cites no authority under which the Court could do so, nor is the Court aware of any such authority.

### III. CONCLUSION

Having reviewed the parties' responses to the Court's Order to Show Cause, along with the remainder of the record, the Court hereby finds and ORDERS that the Stay currently in place in this action is LIFTED, Plaintiff's claims are DISMISSED with prejudice for Plaintiff's

failure to prosecute and/or follow the Court's Order compelling arbitration, and this matter is now CLOSED.

DATED this 10th day of March 2016.

*[signature]*

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE